THE CURRY HOTEL COMPANY (A CORPORATION) V.
DANIEL MULLINS.

*Corporations—Preliminary subscription—Liability for stock
subscribed.*

This· case involves the question of the .liability of the defendant as
subscriber to a preliminary subscription paper, by which he
subscribed and agreed to pay for a certain number of shares of the
capital stock of an hotel company to be thereafter organized;
and the action of the trial court in directing a verdict in his
favor is affirmed, the case being ruled by *Association v. Walker*,
88 Mich. 62.

Error to Gogebic. (Haire, J.) Argued October 6, 1892.
Decided October 27, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*M. H. Crocker (Hayden, Humphrey & Young,* of coun-
sel), for appellant.

*Hammond & Kissane,* for defendant.

McGRATH, C. J. This is a suit upon the following sub-
scription to an hotel project:

" We, the undersigned, do hereby subscribe for the num-
ber of shares set opposite our respective names of the Curry
Hotel Company, and promise to pay said company twenty-
five dollars for each of said shares, when required by the
board of directors of said company, which will be payable,
May 1, one-fourth; June 1, one-fourth; July 1, one-fourth;
August 1, one-fourth."

One thousand and sixty-eight shares at $25 each, amount-
ing to $26,700, were subscribed by 29 persons upon this
paper,—defendant for 40 shares; and on April 23, 1890,
articles of association, under Act No. 70, Laws of 1887,

were executed by five of the persons who had signed the foregoing agreement. Defendant did not join in the execution of the articles, but was included as one of the persons holding shares. The articles recited that the capital stock "shall be $30,000, divided into 1,200 shares at $25 each." In the recitation as to the names of stockholders, with the number of shares held by each, it is alleged that 1,068 shares, amounting to $26,700, were held.

The act under which plaintiff is incorporated is of the same class as that passed upon in *International Fair & Exposition Association v. Walker,* 88 Mich. 62, and that case rules this. The stock was not all subscribed, and defendant could only be held liable on the ground that he had assumed the relation of a stockholder in the corporation, had been recognized by the corporation as a member, and had waived the condition that the whole capital stock must first be subscribed. It was not deemed necessary that all whose names were included in the list of stockholders should sign the articles of association. By a tacit understanding, had prior to the preparation and execution of the articles, the five who executed the articles were to act as directors; and, without any meeting of the stockholders, the five so acted. The first meeing of the stockholders was held in March, 1891. Defendant attended none of the meetings of the corporation.

The conduct upon which plaintiff relies as establishing defendant's relations with the company, and constituting a waiver of plaintiff's infirmity, antedated the preparation and execution of the articles. Nothing occurred afterwards that would clothe him with membership, or that could be construed as a waiver.

The trial court was right in directing a verdict for defendant, and the judgment is affirmed.

The other Justices concurred.